## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOE MORGAN                                                                      PETITIONER
ADC #94725

V.                                        NO. 5:14CV00017 JLH/JTR

RAY HOBBS, Director,                                                   RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of

your objections must be received in the office of the United States District Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may

result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

On January 22, 2014, Petitioner, Joe Morgan, an Arkansas Department of Correction inmate, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his 2003 state-court convictions for rape and sexual assault. *Doc. #2.* He then filed a Motion to Hold Petition in Abeyance or for Dismissal Without Prejudice,

so that he could seek authorization to proceed with a successive § 2254 action. *Doc. #5.* Respondent has filed a Response, arguing that the Petition should be dismissed as an unauthorized second or successive application under 28 U.S.C. § 2244(b)(3)(A). *Doc. #6.*

In January 2006, Petitioner filed a § 2254 habeas action, in the Eastern District of Arkansas, challenging *the same convictions. See Morgan v. Norris*, E.D. Ark. No. 5:06-cv-00015-SWW. On March 25, 2008, United States District Judge Susan Webber Wright entered an Order and Judgment dismissing the § 2254 action, with prejudice. *Doc. #6-1, at 23-24.*[1] Petitioner appealed. On November 3, 2008, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability and dismissed his appeal. *Morgan v. Norris*, 8th Cir. No. 08-1781.

For the reasons set forth below, the Court recommends that the current § 2254 action be dismissed, without prejudice.

## II. Discussion

As both parties recognize, this action constitutes a successive § 2254 habeas petition challenging Petitioner's 2003 convictions. Only the Eighth Circuit Court of

---

[1]Judge Wright adopted United States Magistrate Judge Henry L. Jones' recommendations that: (1) the claims raised in the § 2254 Petition should be dismissed as procedurally barred due to Petitioner's failure to raise them properly in state court; and (2) Petitioner's request to add a claim should be dismissed because the proposed claim was without merit. *Doc. #6-1, at 1-22.*

Appeals has the authority to grant permission to file a "second or successive" § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Petitioner obtains the required order of authorization from the Eighth Circuit, this Court lacks jurisdiction to consider the issues raised in this habeas action. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Petitioner's Motion to Hold in Abeyance or for Dismissal Without Prejudice, *Doc. #5*, be GRANTED in part and DENIED in part;

2.     Petitioner's request to dismiss this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus be GRANTED, and this action be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition;

3.     Petitioner's request to hold this action in abeyance, while he seeks Eighth Circuit authorization, be DENIED; and

4.     A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 10th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE